NOT DESIGNATED FOR PUBLICATION

Nos. 115,154
115,155

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSIE A. CARSON,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed March 31, 2017. Affirmed.


*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.


*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MCANANY, P.J., MALONE, J., and STUTZMAN, S.J.


*Per Curiam*: For his convictions on four drug-related felonies, the Sedgwick County District Court sentenced Jessie A. Carson to 48 months in prison. That sentence required a downward durational departure from the sentence presumed under the revised Kansas Sentencing Guidelines Act, but Carson contends the district court also should have granted him a downward dispositional departure from presumed imprisonment. We find the district court did not abuse its discretion when it denied the motion for dispositional departure and affirm the sentence as ordered.

1

On June 25, 2015, pursuant to a plea agreement in consolidated Sedgwick County cases, Carson pled guilty to two counts of possession of marijuana with intent to distribute, one count of possession of marijuana after a prior conviction, and one count of having proceeds derived from violation of the drug laws. Under the terms of the plea agreement, Carson committed to enter guilty pleas to the four charges in exchange for the State's dismissal of all remaining counts in the two consolidated cases. The parties also agreed to recommend the high numbers in the appropriate guidelines grid boxes for each count, to ask for consecutive sentencing for the individual counts in each case, and to seek concurrent service of the sentences in the two cases. The State agreed to join Carson in recommending a dispositional departure to probation based on: (1) the plea agreement; (2) Carson's relatively young age; and (3) Carson's "lack of significant criminal history."

Carson filed presentencing motions in the cases, asking the court to grant dispositional departures. In his motions, Carson argued that he should receive departures because he accepted responsibility for his crimes, the parties had agreed to recommend departures, he would benefit from the structure and supervision of community corrections, and the prior felony used in calculating his criminal history score resulted from aggregating three prior misdemeanors. Carson contended the three misdemeanors— two batteries and an unlawful restraint—involved the same victim, who was both his ex-girlfriend and his current codefendant. Although he and his ex-girlfriend have a child together, Carson proposed to have no contact with her if he were to be given an opportunity on probation.

At sentencing, defense counsel relied on the arguments made in the motion to depart but also noted that Carson had spent a lot of time in jail while these cases were pending and he had talked a lot about changes he wanted to make. Carson's counsel also

2

argued that Carson had been out of jail under supervision since the plea and had done well, reporting when required and passing drug tests.

In his comments before imposing the sentences, the district judge acknowledged Carson's successful performance for 4 months on pretrial services. However, he also noted the "flip side" of the situation before him was a "young man who is possessing drugs with intent," and he said he was troubled by Carson's criminal history, which included "some assaultive behavior" that had occurred just over a year prior to the hearing.

The district judge said he did not believe these cases—which carried presumptive prison sentences—warranted probation, and he denied the request from the parties for a dispositional departure. But he also said he did not think the presumed sentences were warranted and found substantial and compelling reasons to support a durational departure, based primarily on the plea agreement, along with Carson's acceptance of responsibility, which was evidenced by his success under supervision during the time leading up to sentencing. The district court ordered a 48-month concurrent sentence for the two cases.

Carson timely appealed, and we consolidated the cases for decision on appeal.

ANALYSIS

We review a district court's decision denying a departure motion for abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).

3

At sentencing, the district court considered the facts, the plea agreement, and the arguments of counsel. Although the court concluded that the joint recommendation for a departure sentence, along with Carson's success on pretrial services, were substantial and compelling reasons for a downward durational departure, it also looked at the nature of the current convictions and expressed concern about violence, apparently arising from Carson's battery conviction only a year earlier. Weighing those considerations, the district court concluded there were not substantial and compelling reasons to depart from the presumed disposition of imprisonment.

The district court's decision regarding dispositional departure was not arbitrary, fanciful, or unreasonable. Neither was the decision based on an error of fact or law. Rather, the district judge assessed everything before him, both positive and negative, and made a considered judgment with which reasonable people could agree. We find the district court did not abuse its discretion in denying Carson's request for a dispositional departure.

Affirmed.